IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 20, 2005

## STATE OF TENNESSEE v. MARTEZ TOWEN FITTS

**Direct Appeal from the Criminal Court for Sumner County**
**No. CR688-2000      Jane W. Wheatcraft, Judge**

---

**No. M2005-00164-CCA-R3-CD - Filed August 19, 2005**

---

The defendant, Martez Towen Fitts, pled guilty to sale of cocaine over .5 grams and was sentenced as a Range I, standard offender to eight years, all suspended except for forty-eight hours and the balance to be served on probation, with the first six months on intensive probation.  Additionally, he was ordered to comply with alcohol and drug assessment programs, obtain his GED, and pay a $2000 fine.  The trial court subsequently revoked the defendant's probation, and he appealed. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

David A. Doyle, District Public Defender, for the appellant, Martez Towen Fitts.

Paul G. Summers, Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General; Lawrence R. Whitley, District Attorney General; and Dee David Gay, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### FACTS

At the December 6, 2004, revocation hearing, Debbie King, the defendant's probation officer, testified that she filed a probation violation warrant on December 2, 2002, after the defendant tested positive for cocaine on November 14, 2002, failed to pay $180 in probation fees, failed to comply with his agreed $25 per week for court costs, failed to verify employment in November 2002, failed to report for his alcohol and drug assessment, and failed to attend GED classes.  The warrant was amended on January 3, 2003, to include the defendant's failure to report since November 19, 2002. King also testified that she previously had filed two probation violation warrants against the defendant.

The twenty-five-year-old defendant testified that he had used cocaine prior to his November 14, 2002, drug test and acknowledged that doing so violated the conditions of his probation. He also acknowledged that he was in arrears on his court costs and probation fees but said it took him "[a] couple of months" to find a job." Because he had "misplaced [his] check stub" and "couldn't bring [the stub] in [to his probation officer] at 6 o'clock in the morning," he could not verify his employment status in November 2002. As for his failure to schedule an alcohol and drug assessment, the defendant said he went to some classes but "didn't know nothing [sic] about the assessment." He added that the person in charge had not given him a date for the assessment. He acknowledged that he was behind in his GED classes, explaining that he had been "caught up in [his] work" and had not changed his class schedule to accommodate his work schedule. The defendant said he did not report to King after November 19, 2002, because she told him she was "doing a warrant for the pay stub" and he thought that released him from reporting. On cross-examination, the defendant acknowledged that he had not reported to his probation officer in two years and that his probation had been revoked on two prior occasions: in 2001, resulting in his serving sixty days in jail before being placed back on intensive probation, and in 2002, resulting in his serving five months in jail before being placed on intensive probation again.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered him to serve his eight-year sentence in the Department of Correction:

> The Court finds [the defendant] is in violation of his probation. This is his third warrant. The Court has given him numerous chances. He was given eight years for a [C]lass B felony, which carries 8 to 12. So he got the minimum. His first violation we gave him 60 days and tried it again. The second violation we gave him five months and tried it again. He continued to use cocaine. He did not report. He did not take his GED classes.
>
> And I think it's abundantly clear that this defendant is not going to comply with any kind of community-based sentence. Certainly the Court cannot have people on probation not reporting for a two-year period. So the eight-year sentence that was imposed originally will be imposed now to serve in the Tennessee Department of Corrections.

## ANALYSIS

The defendant's sole issue on appeal is whether the trial court erred in revoking his probation.

A trial court has broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the probation and suspension of sentence conditions. Tenn. Code Ann. §§ 40-35-310, -311 (2003). The revocation of probation lies within the sound discretion of the trial court. State v. Harkins, 811 S.W.2d 79, 82

(Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). We review this issue, therefore, for an abuse of discretion.

In his testimony at the revocation hearing, the defendant admitted violating six conditions of his probation: failing a drug test; being in arrears on his probation fees and court costs; submitting no proof of employment; failing to attend his alcohol and drug assessment; failing to complete GED classes; and failing to report to his probation officer for two years. Here, the proof of multiple probation violations has been established beyond a preponderance of the evidence. Moreover, the trial court properly weighed the present violations in conjunction with the past two violations when it revoked the defendant's probation. The record supports the trial court's ruling.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the order of the trial court revoking the defendant's probation.

_____
ALAN E. GLENN, JUDGE